GLORIA ZUURVEEN
GLORIA ZUURVEEN
6239 S. LA BREA AVENUE, Apt.2
LOS ANGELES, CA 90056

TEL. 323-244.7286

FILED
2022 MAR 23  PM 4: 33
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOHANNES ZUURVEEN, by and through his Successor-in-interest, GLORIA ZUURVEEN, Individually,

    Plaintiff,

vs.

LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES AND DOES 1 THROUGH 10, INCLUSIVE

    DEFENDANTS
    Defendants.

CASE NO: LACV-221912-JAK-PVC

**VERIFIED COMPLAINT FOR DAMAGES FOR:**

1. VIOLATION OF CIVIL ROGHTS- 42 U.S.C. § 1983
2. NEGLIGENT INFLICTION OF SEVERE MENTAL AND EMOTIONAL DISTRESS; and,
3. DECLARATORY RELIEF;

**DEMAND TRIAL BY JURY**

ORIGINAL

COMES NOW, Plaintiff, **GLORIA ZUURVEEN** hereinafter referred to as [" **ZUURVEEN or Plaintiff**"] who hereby alleges as follows:

## JURISDICTION

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, for deprivation of deprivation of rights, privileges, or immunities secured by the Constitution and [federal laws]. Section§1983.

Civil action for deprivation of rights.  42 U.S.C. § 1983 provides in pertinent part that: " Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress"

## PARTIES

1. Defendant, LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES is, and at all times herein mentioned was, a governmental agency   organized and existed under the laws of the State of California,  authorized to do and doing business in the State of California as a public hospital facility.

2. Plaintiff, GLORIA ZUURVEEN, is ant at all times herein , the widow of decedent, JOHANESS ZUURVEEN is  and at all times herein a citizen of the United States of America.  Her deceased husband at all times herein was  of Dutch nationality,  but became a United States citizen until he died at the negligence of the defendants.

3. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names.  Plaintiff  is informed and believes and based on such information and belief aver that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of each DOE Defendant when same is ascertained.

4. Plaintiff is  informed and believe and based on such information and belief aver

VERIFIED COMPLAINT FOR DAMAGES

2

that named defendants and each of them including Does 1 through 50, inclusive, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.

5. Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS-42 U.S.C. § 1983

6.. Plaintiff's deceased husband was over 65 years of age who had physical challenges or limitations which restricted his ability to carry out normal activities or protect his rights including but not limited to physical or developmental disabilities.

7. Plaintiff sought the services Defendant Harbor UCLA, Los Angeles County Department of Health Services for her husband Johannes Zuurveen as an impatient pursuant to Health and Safety Code Section 1250.3 Johannes Zuurveen was therefore an elder as defnied by California Welfare & Institutions Code section 15610.27.

8. Defendants were to provide "care or "services to elders including Zuurveen Decedent and were to be the care custodians of Zuurveen in a trust and fiduciary relationship with Zuurveen. Harbor UCLA is a teaching hospital facility where new and coming medical doctors and Nurses receive training. This notwithstanding, these incoming physicians and nurses lacked the required or necessary skill, training and experience of licensed physicians and nurses but were nonetheless assigned to provide services for Mr. Zuurveen, deceased. Specifically, Defendants failed to exercise that degree of care that reasonably qualified persons

VERIFIED COMPLAINT FOR DAMAGES

3

in like position would exercise by denying or withholding good or services necessary to meet the basic need of Plaintiff's husband, Zuurveen ,deceased.

9. While under the care of the inexperienced staff. Zuurveen suffered multiple pressure ulcers, dehydration, malnutrition, sepsis and other debilitating infections due to lack of proper care by the Defendant and their staff. Defendants also failed to provide adequate and proper skin care, hygiene resulting in Zuurveen. The purpose of the law is to prevent or remedy neglect, self-neglect, abuse, or exploitation of vulnerable adults who are unable to protect their own interests and are at risk of immediate harm to their own person or to others. **"Abuse of an elder or dependent adult"** under § 15610.07 includes physical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering; the deprivation by a care custodian of goods or services that are necessary to avoid physical harm or mental suffering".

**"Neglect"** under § 15610.17 includes (1) negligent failure of any person having the care or custody of elder of a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise; (2) negligent failure of person themselves to exercise that degree of care that a reasonable person in a like position would exercise"

10. As a direct and proximate result of the Defendants' failure to administer proper care to her husband, Plaintiff's husband Zuurveen suffered multiple pressure ulcers, dehydration, malnutrition, sepsis and other debilitating infections due to lack of proper care by the Defendant and their staff.

11. As a direct and proximate result of the Defendants' conduct roper care to her husband, Plaintiff suffered severe emotional distress, humiliation, and mental anguish, shock to her nervous system, all to Plaintiff's damage in an amount as shall be established upon proof at

VERIFIED COMPLAINT FOR DAMAGES
4

trial together with prejudgment interest.

## SECOND CAUSE OF ACTION FOR

## NEGLIGENT INFLICTION OF SEVERE MENTAL AND EMOTIONAL DISTRESS

### (AGAINST ALL NAMED DEFENDANT)

12. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 10, inclusive, as though fully set forth herein.

13. The conduct of Defendants in failing to administer proper care for Plaintiff's husband during his admission in Defendant's hospital were extreme and outrageous and calculated to and did in fact send shock to Plaintiff.

14. As a direct and proximate result of Defendant's conduct or omissions, Plaintiff suffered severe emotional distress, humiliation, and mental anguish, shock to her nervous system, all to Plaintiff's damage in an amount as shall be established upon proof at trial together with prejudgment interest.

## THIRD CAUSE OF ACTION FOR

## DECLARATORY RELEIF

### (AGAINST ALL NAMED DEFENDANTS AND DOES 1 THROUGH 50)

15. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 10, inclusive, as though fully set forth herein.

16. Plaintiff contends that the conduct, acts, and omissions of Defendants constitute a violation of Plaintiff and her deceased husband's civil rights as averred herein..

17. Plaintiff is informed and believes that Defendants contend otherwise, and instead contend that Defendant hospital acted reasonably, prudently, and administered proper care to Plaintiff's husband during his admission in Plaintiff's hospital.

18. An actual controversy has arisen and now exists between plaintiff and defendants concerning their respective rights and duties.

19. Defendants failed to administer that degree of care that a reasonable person in a like position would have exercised regarding the care given to Plaintiff's husband

20. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that her husband was in a fairly stable condition when admitted initially.

21. As a direct and proximate result of Defendant's conduct, omissions, neglect of duties, Plaintiffs suffered severe emotional distress, humiliation, and mental anguish, shock to their nervous systems, all to Plaintiff's damage in an amount as shall be established upon proof at trial together with prejudgment interest.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against the Defendants and each of them, jointly and severally, as follows:

1. For actual damages in a sum according to proof, statutory damages, plus damages in such further sums as may be sustained and as are ascertained before final judgment herein;

VERIFIED COMPLAINT FOR DAMAGES
6

2. For compensatory, special, and general damages according to proof against all Defendants.

3. For civil penalties pursuant to statute; and

4. For reasonable costs of suit and such other and further relief as the Court deems proper.

DATED: March 22, 2022                                             Respectfully Submitted,

By: _____
GLORIA ZUURVEEN
Plaintiff In Pro Pria Persona

## VERIFICATION

I, GLORIA ZUURVEEN, do swear and declare:

I am the Plaintiff in the above entitled action. I have read the foregoing verified Complaint for Damages, and know the contents thereof. The matters stated therein are true to the best of my knowledge except as to those matters stated on information and belief and as to those matters; I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the above is true and correct

Dated: March 22, 2022

GLORIA ZUURVEEN
Plaintiff In Pro Pria Persona